| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>Court Address: 1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: February 3, 2017 12:08 PM<br>FILING ID: F880FBB687F9A<br>CASE NUMBER: 2017CV30475 |
| Plaintiff: Christopher Meek<br><br>v.<br><br>Defendant: Allstate Fire and Casualty Insurance Company | ▲COURT USE ONLY▲ |
| Scott O. Sullivan, #28077<br>Cara R. New, #44758<br>O'Sullivan Law Firm<br>600 Ogden Street<br>Denver, CO 80218<br>(303) 388-5304<br>scott@osullivan-law-firm.com<br>cara@osullivanlawfirm.com<br><br>Attorneys for Plaintiff | Case Number:<br><br>Division/Ctrm: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Plaintiff Christopher Meek, by and through his attorneys, The O'Sullivan Law Firm, and for his Complaint and Jury Demand against the Defendant, states:

### PARTIES, JURISDICTION AND VENUE

1.      At all times relevant, Plaintiff Christopher Meek (hereinafter "Plaintiff") was and is a resident of the State of Colorado.

2.      Defendant Allstate Fire and Casualty Insurance Company (hereinafter "Allstate") is an insurance company authorized and licensed to do business in the State of Colorado, whose agent for service is The Division of Insurance, 1560 Broadway, Suite 850, Denver, Colorado 80202.

3.      Allstate is a foreign corporation having its principal place of business in Northbrook Illinois.

4.      Venue is proper in this action pursuant to C.R.C.P. 98(c). This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124 because Allstate conducts business in Denver County and may be found in Denver County.

## GENERAL ALLEGATIONS

5.      On July 9, 2015, Plaintiff was travelling westbound on C-470 near Yosemite Street in Douglas County, Colorado when Brett Branam, an underinsured motorist, collided into the passenger's side of Plaintiff's vehicle while Mr. Branam was attempting to change lanes.

6.      Police officers responded to the scene of the collision and determined Mr. Branam was at-fault for the collision.

7.      The conduct of Brett Branam in failing to keep a proper lookout and colliding with Plaintiff's vehicle constituted negligence.

8.      Brett Branam's conduct was in violation of applicable ordinances and statutes including, but not limited to, C.R.S. §42-4-1402, Careless Driving constituted negligence *per se*.

9.      Only July 9, 2015 Brett Branam was insured by an insurance policy providing liability coverage up to $25,000 per person.

10.     Plaintiff's claims against the at-fault driver were settled for the liability policy limits of $25,000.

11.     The injuries, damages and losses incurred by Plaintiff as a direct and proximate result of the negligence of Brett Branam include, but are not limited, to the following:

   a. Physical injuries;
   b. Physical and mental pain and suffering, past and future;
   c. Loss of earnings and earning capacity
   d. Permanent physical impairment;
   e. Loss of enjoyment of life and impairment of quality of life, past and future,
   f. Emotional distress, past and future;
   g. Medical, hospital, therapy and related expenses past and future

12.     At the time of the accident, Plaintiff was insured under a policy of automobile insurance, issued by Allstate. The policy included underinsured motorist coverage, which

requires Allstate to pay benefits to Plaintiff for the damages he is legally entitled to recover from the uninsured motorist, who caused the accident.

13.     After the accident, Plaintiff submitted a claim to Allstate for payment of underinsured motorist (UIM) insurance benefits for injuries, damages and losses he sustained in the July 9, 2015 collision.

14.     Allstate unreasonably delayed its investigation, evaluation and payment of Plaintiff's insurance claim without a reasonable basis.

15.     Allstate failed to pay, and continues to fail to pay, the full value of UIM benefits to which Plaintiff is entitled.

16.     Allstate did not reasonably investigate, evaluate or attempt to resolve Plaintiff's UIM claim, compelling him to commence litigation in order to recover the benefits to which he is entitled.

17.     Allstate failed and refused to timely respond and reasonably respond to Plaintiff's requests for information about his claim.

18.     Allstate has had sufficient information to tender a sufficient amount to compensate Plaintiff without further delay of his claim.

19.     Allstate has failed to adopt and implement reasonable standards for investigating, handling and resolving first-party claims.

20.     Allstate knew that its evaluation of Plaintiff's claim did not account for the full spectrum of economic and noneconomic damages Plaintiff is legally entitled to collect as a result of the underinsured motorist's negligence. Allstate knows that it is undervaluing Plaintiff's claim, and is intentionally withholding amounts due and owing to Plaintiff under the insurance contract in order to take advantage of Plaintiff's financial hardship and vulnerability.

21.     Allstate's practices and procedures have the effect of impermissibly diluting an insured's recovery of benefits.

## FIRST CLAIM FOR RELIEF
*(Breach of Contract)*

22.     Plaintiff incorporates all prior allegations as though fully set forth herein.

23. Sometime prior to the accident, Plaintiff, entered into a contract with Defendant for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving uninsured and under-insured motorists. At all times relevant, all the premiums as required under the contract for insurance were paid to Allstate.

24. Plaintiff has advised Allstate of a claim for under-insured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Allstate in connection with the claim.

25. Plaintiff is an intended beneficiary of Defendant's policy/contract, and is therefore entitled to enforce its terms.

26. Plaintiff has made a demand upon Defendant.

27. Defendant has refused to pay Plaintiff amounts due to him under the underinsured motorist coverage provision of his policy; therefore, Defendant has breached its contract of insurance.

28. Allstate's breach of contract caused Plaintiff injuries, damages and losses.

29. Plaintiff is entitled to be compensated by Defendant for all damages he has incurred, including reasonable and necessary medical expenses, future medical expenses, pain, suffering, loss of enjoyment of life, loss of earnings, and earning capacity, permanent disfigurement, physical impairment and/or disability, under the underinsured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF
*(Violation of C.R.S. § 10-3-1115/First Party Statutory Claim pursuant to C.R.S. § 10-3-1116)*

30. Plaintiff incorporates all prior allegations as though fully set forth herein.

31. C.R.S. § 10-3-1115(1)(a) provides that an insurer shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first party claimant.

32. Plaintiff is a first-party claimant within the meaning of C.R.S. § 10-3-1115(b)(1).

33. Allstate has denied and delayed payment of under-insured motorist benefits to Plaintiff without a reasonable basis for its action and continues to deny and delay payment of Plaintiff's claim, without a reasonable basis for its action.

34.     Allstate's delay in paying Plaintiff's claim was and continues to be in violation of C.R.S. § 10-3-1115.

35.     As a result of Allstate's violation of C.R.S. § 10-3-1115 and in accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover from Defendant two times the covered underinsured motorist benefits plus reasonable attorney's fees and court costs.

### THIRD CLAIM FOR RELIEF
*(Breach of Duty of Good Faith and Fair Dealing)*

36.     Plaintiff incorporates all prior allegations as though fully set forth herein.

37.     Sometime prior to the accident, Plaintiff entered into a contract with Allstate for the purpose of obtaining automobile insurance, and the policy provides for coverage for claims involving under-insured motorists. At all times pertinent to the action, all the premiums as required under the contract for insurance were paid to Defendant Allstate.

38.     Plaintiff has advised Allstate of a claim for under-insured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant in connection with the claim.

39.     Plaintiff is an intended beneficiary of Defendant's insurance policy/contract and is therefore entitled to enforce its terms.

40.     Defendant owed Plaintiff a duty to act in good faith in reviewing, adjusting and settling his claims.

41.     Defendant breached its duties to its insured, and acted in bad faith, through its conduct as described herein and by engaging in the following, among other acts:

    (a)     Compelling Plaintiff to institute litigation to recover amounts due him under the underinsured motorist bodily injury portion of insurance policy;

    (b)     By failing to provide Plaintiff with important coverage and policy information;

    (c)     Favoring the interests of Defendant, an insurer, over those of Plaintiff, an insured, to whom Defendant owes fiduciary and statutory duties;

    (d)     Failing to conduct an adequate investigation regarding coverage issues;

    (e)     Denying or delaying payment of reasonable compensation for the injuries,

damages, and losses Plaintiff suffered as a result of an under-insured motorist;

(f) Denying or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an underinsured motorist because of its own inadequate investigation and evaluation into Plaintiff's claim; and

(g) Incompetently evaluating Plaintiff's claim.

(h) Failing to communicate promptly and effectively regarding its evaluation of Plaintiff's underinsured motorist claim.

(i) Acting with deliberate indifference to information concerning Plaintiff's underinsured motorist claim.

42. Allstate' actions are unreasonable.

43. Allstate's bad faith conduct is ongoing.

44. Allstate knew its conduct was unreasonable and disregarded the fact that its conduct was unreasonable.

45. As a direct result of Defendant's unreasonable conduct and breaches of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

 a. Being forced to incur additional costs in litigation;

 b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendant; and

 c. Being deprived of the use of funds that would otherwise be used for medical treatment and for lost wage coverage which should have been paid by now.

**FOURTH CLAIM FOR RELIEF**
*(Claim for Underinsured Motorist Benefits)*

46. The allegations contained above are incorporated herein by reference as if now set forth verbatim.

47. Plaintiff has advised Defendant of a claim for underinsured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant in

6

connection with the claim.

48.     Plaintiff is the intended beneficiary of Defendant's insurance policy/contract and is therefore entitled to enforce its terms.

49.     Plaintiff is entitled to be compensated by Defendant for all damages he has incurred, including reasonable and necessary medical expenses, future medical expenses, pain, suffering, loss of enjoyment of life, loss of earnings, and earning capacity, permanent disfigurement, physical impairment and/or disability, under the underinsured motorist coverage of the policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against the Defendant as follows:

> A)  For compensatory damages in an amount to be proved at trial as just and adequate compensation for Plaintiff's injuries, damages and losses sustained as a result for the July 9, 2015 motor vehicle collision including, but not limited to all noneconomic damages and economic damages that he has incurred and will incur in the future, physical impairment and disfigurement.
>
> B)  All statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims and reasonable attorney fees.
>
> C)  For pre-judgment interest from the time of the occurrence and post-judgment interest at the requisite rate.
>
> D)  For two times the covered underinsured motorist benefits plus reasonable attorney's fees and court costs as provided by Colorado Law, including C.R.S. § 10-3-1115 and § 10-3-1116.
>
> E)  For such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

## PLAINTIFF REQUESTS TRIAL OF ALL MATTERS AT ISSUE HEREIN TO A JURY

Respectfully submitted February 3, 2017.

                                               The O'Sullivan Law Firm
                                               By: *Cara R. New*
                                               Cara R. New, #44758
                                               Counsel for Plaintiff

**Plaintiff's Address:**
1104 Fieldstone Place
Highlands Ranch, CO 80126